UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

GREEN CLIMATE
1507 GROVE AVE
RICHMOND, VA 23220
PLAINTIFF,

V.

BROOKE L. ROLLINS, IN HER OFFICIAL CAPACITY AS SECRETARY OF AGRICULTURE,
DEFENDANT.


Civil Action No. _____


**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**


I. **INTRODUCTION**

1. Plaintiff brings this action under Infrastructure Investment and Jobs Act (IIJA), 16 U.S.C § 6592; Healthy Forest Restoration Act (HFRA) 16 U.S.C. Chapter 84; Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and Executive Order 14225, seeking judicial review of Secretary of Agriculture Brooke L. Rollins Memorandum 1078-006, entitled "Increasing Timber Production And Designating An Emergency Situation On National Forest System Lands, dated April 3, 2025 (published April 4, 2025)  ("the Memorandum").

2. In the Memorandum, the Secretary makes a final Emergency Situation Determination (ESD) under the IIJA. As a result of the ESD, the Department of Agriculture (DOA) and the National Forest Service (NFS) are authorized to harvest up to 112,646,000 acres of NFS

forest land at discount price in violation of NFS regulations and guidance or submitting public input. Timber harvesting on NFS land is not an emergency action.

3. The Memorandum also directs the NFS to implement timber harvesting on NFS lands, substantially altering the scope and scale of federal land management actions without following NFS rules or guidance or soliciting public input.

4. Plaintiff seeks declaratory and injunctive relief to set aside and vacate the ESD, and the Memorandum and enjoin its implementation unless and until Defendant complies with applicable Federal Law, NFS rules, NFS guidance, and the APA.

## II.  JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 5 U.S.C. §§ 702–706 (APA judicial review).

6. Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendant is an officer of the United States acting in her official capacity, and because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## III.  PARTIES

7. Green Climate is a charitable organization committed to the sustainability and environmental protection of our natural resources. We focus on combating climate change through initiatives that promote forest conservation and reduce greenhouse gases. Our members enjoy National Parks and federal forest and wilderness lands across the country. These activities include hiking, camping, and fishing. Our members also actively work to protect federal forest and wilderness lands. Our mission will be directly harmed by

significant additional harvesting of NFS forest land that will result from the ESD and the Memorandum.

8.  Defendant Brooke L. Rollins is the Secretary of the U.S. Department of Agriculture ("USDA") and is sued in her official capacity. The Secretary has ultimate authority over the United States Forest Service, which manages the National Forest System and is responsible for implementing the challenged Memorandum.

## IV.  FACTUAL BACKGROUND

9.  On March 1, 2025, the White House issued Executive Order (EO) 14225, *Immediate Expansion of American Timber Production*. The purpose of the EO is to expand timber harvesting on federal lands which is "critical to our Nation's well-being." Most relevant to this matter is Section 2 of the EO.

"Sec. 2.  Directives to the Secretary of the Interior and the Secretary of Agriculture. (a) Within 30 days of the date of this order, the Secretary of the Interior and the Secretary of Agriculture, through the Director of the Bureau of Land Management (BLM) and the Chief of the United States Forest Service (USFS), respectively, shall each issue new or updated guidance regarding tools to facilitate increased timber production and sound forest management, reduce time to deliver timber, and decrease timber supply uncertainty, such as the Good Neighbor Authority described in 16 U.S.C. § 2113a, . . ."

10.  Under this Section, the Secretary only is ordered to "*issue new or updated guidance regarding tools* to facilitate increased timber production and sound forest

management, reduce time to deliver timber, and decrease timber supply uncertainty" . . . (emphasis added).

11. On April 3, 2025, Defendant issued Secretary's Memorandum 1078-006 (published April 4, 2025) detailing the "actions that I am directing the Forest Service to take in response to EO 14225." The actions in the Memorandum are far from limited to the issuance of "guidance regarding tools." The Secretary first makes an ESD under the IIJA then taking an Emergency Action (EA) under the same statute.

12. The EA consists of designating 66,940,000 acres of NFS lands because of wildfire risk; 78,800,000 acres because of "declining forest health making them at risk of substantial increased tree mortality over the next 15 years;" 33,846,000 that are both subject to wildfire risk and declining health; for a total of 112,646,000. Under the IIJA, an EA can be taken only to "mitigate the harm to life, property, or important natural or cultural resources on National Forest System land or adjacent land."

13. Consistent with EAs, Emergency Situations are limited to "relief from hazards threatening human health and safety" and mitigation of threats to natural resources on National Forest System land or adjacent land."

14. An ESD is an action made by the Secretary under subsection (b)(1)(A). That provision limits the Secretary to EA's clearly limited to actions taken after wildfires and storms impacting National Forest System land. Otherwise, no emergent relief is necessary.

> "After making an emergency situation determination with respect to National Forest System land, the Secretary may carry out authorized emergency actions on that National Forest System land in order to achieve reliefs from hazards threatening human health and

safety or mitigation of threats to natural resources on National Forest System land or adjacent land, including through-

(A) the salvage of dead or dying trees;

(B) the harvest of trees damaged by wind or ice;

(C) the commercial and noncommercial sanitation harvest of trees to control insects or disease, including trees already infested with insects or disease;

(D) the reforestation or replanting of fire-impacted areas through planting, control of competing vegetation, or other activities that enhance natural regeneration and restore forest species;

(E) the removal of hazardous trees in close proximity to roads and trails;

(F) the removal of hazardous fuels;

(G) the restoration of water sources or infrastructure;

(H) the reconstruction of existing utility lines; and

(I) the replacement of underground cables."

14. The harvest of trees is limited to those that are dead or dying, damaged by wind or ice and the sanitation harvest of infected trees. In each case these actions are limited to emergent actions to protect human health and natural resources. Timber harvesting is not an authorized action because it is non-emergent and accomplished through a separate NFS process which involves proposals and contracts with third parties.

15. The HFRA, and subsequent regulations and guidance, directly address the identification and harvest of trees that pose wildfire risks and are declining from disease and insect infestation. The ESD, EA and Memorandum are in direct contravention of the HFA and EO.

16.    The IIJA recognizes the primacy of existing NFS law and regulations when it provides that

"Any authorized emergency action carried out under paragraph (2) on National Forest System land shall be conducted consistent with the applicable land and resource management plan."

The NFS already has a process for addressing Emergency Situations and ESDs.  36 CFR 218.21 (2024).

17.    The ESD and the Memorandum are final orders that if not appealed at this point in the legal process may not be appealable later. *See,* 5 U.S.C. §§ 551, 701-706.  A later challenge to NFS actions under these Orders cannot determine the legal status of each and will be too late because Plaintiff can only challenge actions harvesting timber as a result of these Orders.

18.    The ESD and Memorandum are not guidance that will become final at a later date and can be challenged then.

19.     The actions authorized by the Memorandum will lead to increased logging activity on millions of acres of federal forest land, with direct and indirect environmental impacts including loss of wildlife habitat, increased carbon emissions, soil erosion, water quality degradation, and impacts to endangered species.

20.    The Memorandum was issued without public notice or opportunity for comment, denying Plaintiff and the public a chance to participate in the decision-making process.

21.     The Memorandum constitutes final agency action subject to judicial review under the APA because it has direct and immediate legal consequences.

**22.**  No other remedy exists except appeal to this Court.

## CLAIMS FOR RELIEF

**Count I — Violation of Law**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. The issuance of the ESD and Memorandum are contrary to all applicable Federal Law and must be vacated under 5 U.S.C. § 706(2)(C). Likewise, all EAs and other actions under the authority of the ESD and Memorandum are illegal and must be vacated.

25. Any actions taken by NFS, USDA or any third-parties based on the authority of the Memorandum are illegal and must be so held.

**Count II — Violation of the Administrative Procedure Act**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

27. The ESD and Memorandum are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of the APA, 5 U.S.C. § 706(2)(A), because each was issued in violation of Federal Law and superseded existing USDA and NFS law without sufficient notice and an opportunity for comment.

28. Any actions taken by NFS, USDA or any third-parties based on the authority of the ESD and Memorandum are illegal and must be so held.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter.

B. Declare that the ESD and Secretary's Memorandum 1078-006 violate the Infrastructure Investment and Jobs Act, 16 U.S.C 6592; Healthy Forest Restoration Act, 16 U.S.C. Chapter 84; Administrative Procedure Act, 5 U.S.C. §§ 701–706, and Executive Order 14225;

C. Set aside and vacate the ESD and the Memorandum;

D. Enjoin Defendant from implementing or enforcing the ESD or Memorandum unless and until compliance all with all applicable Federal Law is achieved;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


<u>John M. Holloway III</u>
John M. Holloway III
Climate Law & Strategy, PLLC
1507 Grove Av.
Richmond, VA 23220
804.307.3817

Attorney for Green Climate